# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br> Plaintiff, | Case No. 1:16-cv-924 <br> Black, J. <br> Litkovitz, M.J. |
| vs. | |
| THOMAS L. BRAME, SR., et al., <br> Defendants. | REPORT AND <br> RECOMMENDATION |

This matter is before the Court on defendants' "response to motion to remand," which the Court construes as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). (Doc. 15).

As background, defendants Thomas and Shirley Brame filed a pro se notice of removal of a state court civil action to this Court. (Doc. 7). On September 23, 2016, the undersigned construed this as a petition for removal and issued a Report and Recommendation. (Doc. 8). The undersigned recommended denial of the petition for removal and remand of the action to state court because (1) defendants could not remove the action on the basis of diversity jurisdiction because they were citizens of Ohio and plaintiff brought the action against them in an Ohio court, and (2) defendants failed to establish any basis for original federal question jurisdiction. (*See id.* at 2-4). Defendants did not file any objections to the Report and Recommendation. On October 27, 2016, the Court adopted the undersigned's Report and Recommendation, denied defendants Thomas and Shirley Brame's construed petition for removal, and remanded this matter to state court. (Doc. 12).

Rule 59(e) provides, "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend the judgment may be based on one of four grounds: (1) an intervening change of controlling law; (2) evidence not previously available has become available; (3) it is necessary to correct a clear

error of law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Rule 59(e) motions are not intended to relitigate issues previously considered, or to raise arguments or present evidence which could have been previously submitted prior to the entry of judgment. *See Beaver Cty. Ret. Bd. v. LCA-Vision Inc.*, No. 1:07-cv-750, 2009 WL 3720651, at *3 (S.D. Ohio Nov. 5, 2009) (citations omitted). Relief under Rule 59(e) "should be granted sparingly because of the interest in finality and conservation of scarce judicial resources." *United States v. Ltd., Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (citations omitted).

Here, defendants should have raised their arguments in an objection to the September 23 Report and Recommendation and, thus, the motion should be denied because Rule 59(e) is not intended as a mechanism to allow parties to raise arguments or present evidence which could have been previously submitted prior to the entry of judgment. *See Beaver Cty. Ret. Bd.*, 2009 WL 3720651, at *3. Further, even if the Court were to consider the arguments raised in defendants' motion, they do not warrant relief from the judgment. While defendants' motion is largely incomprehensible, it appears they may be challenging the Court's finding that they are citizens of Ohio. (*See, e.g.*, Doc. 15 at ¶¶ 35-39). However, in both their petition for removal and the instant motion, defendants list their address as the Cincinnati residence that is the subject of plaintiff's foreclosure action. (*See* Docs. 4, 7, 15). Further, although defendants appear to argue that Ohio is not "territory or other property belonging to the United States," they admit that their residence and domicile are in Ohio. (*See* Doc. 15 at ¶ 39). Thus, defendants have failed to produce any evidence that would call into question the Court's denial

2

of their petition for removal. Accordingly, it is **RECOMMENDED** that the motion to alter or amend judgment (Doc. 15) be **DENIED**.

    **IT IS SO RECOMMENDED.**

Date: 11/1/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WELLS FARGO BANK, N.A.,
    Plaintiff,

vs.

THOMAS L. BRAME, SR., et al.,
    Defendants.

Case No: 1:16-cv-924
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).